Johnson, J.,
dissenting in part: I dissent from that portion of the majority opinion that holds that a district court — part of the judicial branch of our government — has the authority (jurisdiction) to convict a person of a crime when the prosecutor — part of the executive branch of our government — has failed to charge that person with any crime under Kansas law. The executive branch is charged with enforcing the laws, including choosing the crime to be charged under the circumstances.
I agree with the majority’s determination that the complaint, which alleged that Dunn issued or delivered a check “which he[] knew had been made ... so that it appeared to have been made,” obviously did not state facts that constitute a Kansas crime. I frequently make checks that appear to be made. Consequently, “the State . .. failed to properly invoke the subject matter jurisdiction of the court.” 304 Kan. at 812.1 would not effect such an invocation, i.e., perform tire prosecutor’s enforcement-of-the-laws function, under the guise of a judicial determination of harmlessness.